# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA A. RABBE,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO, N.A., GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, as Trustee for Guaranteed Remic Pass-Through Securities and MX Securities Ginnie Mae Remic Trust 2003-062; HOMESERVICES LENDING, LLC, and JOHN DOES 1-100,<br><br>    Defendants. | 8:18CV561<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Ex Parte Motion for Temporary Restraining Order, ECF No. 3, filed by Plaintiff Lisa A. Rabbe. For the reasons stated below, the Motion will be denied, without prejudice to Rabbe's pursuit of preliminary injunctive relief following proper service on the Defendants.

## BACKGROUND

Rabbe, proceeding pro se, filed this action to quiet title to her residence, real property located at 3108-10 North 95th Street in Omaha, Nebraska (the "Property"). Rabbe alleges that, upon information and belief, Defendant Wells Fargo, N.A., is attempting to foreclose on the Property. Rabbe asserts that the Defendants' security interests in the Property have not been perfected, and they lack standing to foreclose. Rabbe also alleges Defendants are liable to her under various theories, including violations of federal law. Through her pending Motion, Rabbe seeks to prevent Defendants from proceeding with the foreclosure.

**DISCUSSION**

Rabbe's request for a temporary restraining order does not meet the requirements of Federal Rule of Civil Procedure 65(b).  A federal court may issue a temporary restraining order on an ex parte basis, without notice, "only if" two requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1).

Rabbe's Complaint and Motion do not meet these requirements.  First, Rabbe has not provided "specific facts in an affidavit or a verified complaint" that "clearly show" her right to ex parte relief before the Defendants can be heard.  "To show a threat of irreparable harm, the movant must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."  *Cy Wakeman, Inc. v. Nicole Price Consulting*, LLC, 284 F. Supp. 3d 985, 994 (D. Neb. 2018).  Rabbe's Complaint generally alleges that, upon information and belief, Wells Fargo is attempting to foreclose on the Property.  Defendant provides no other allegation or evidence that the alleged harm is so imminent that she is clearly entitled to relief before the Defendants can be heard.

Second, Rabbe has not certified in writing any attempts to notify the Defendants of her request for a temporary restraining order.  Although her Motion includes a certificate of service, it is unsigned and fails to explain why such notice should not be required.

Because the Court cannot conclude that the Motion should be granted without notice, the Court will deny the Motion for Temporary Restraining Order. Rabbe may pursue preliminary injunctive relief after Defendants are properly served and given an opportunity to respond.

Accordingly,

IT IS ORDERED: the Ex Parte Motion for Temporary Restraining Order, ECF No. 3, is denied without prejudice to Plaintiff's pursuit of a properly-served motion for preliminary injunction.

Dated this 4th day of December, 2018.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge