# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA A. RABBE,<br><br>             Plaintiff,<br><br>    vs.<br><br>WELLS FARGO, N.A., GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, as Trustee for Guaranteed Remic Pass-Through Securities and MX Securities Ginnie Mae Remic Trust 2003-062; HOMESERVICES LENDING, LLC, and JOHN DOES 1-100,<br><br>             Defendants. | 8:18CV561<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Lisa A. Rabbe's Motions for Temporary Restraining Order, ECF Nos. 10, 23; and Motion for Default Judgment, ECF No. 24. Also before the Court is the Motion to Dismiss for Failure to State a Claim, ECF No. 20, submitted by Defendant Wells Fargo, N.A. For the reasons stated below, the Motion to Dismiss will be granted; the Motions for Temporary Restraining Order will be denied; and the Motion for Default Judgment will be construed as a motion for clerk's entry of default and referred to the Clerk of Court.

## BACKGROUND

The following factual summary is based on Rabbe's allegations in her Complaint, ECF No. 1, and her factual assertions in a previous lawsuit, all of which the Court accepts as true for purposes of the Motion to Dismiss. The Court considers matters from Rabbe's previous lawsuit as "matters of public record." *See Levy v. Chi*, 477 F.3d 988, 991 (8th Cir. 2007) ("In considering a 12(b)(6) motion, a court can consider certain documents

outside the pleadings themselves, including exhibits to the pleadings, and matters of public record.").

On June 19, 2003, Rabbe obtained a home loan for $178,589 (the "Loan") which was transferred to Wells Fargo as owner and holder. Compl., ECF No. 1 at 6-7. The Loan was evidenced by a Promissory Note (the "Note") and secured by a Deed of Trust (the "Deed of Trust") encumbering real property located at 3108-10 North 95th Street, Omaha, Nebraska 68134 (the "Property). *Id.* at 2, 7.

Before this action, on February 6, 2017, Rabbe and her husband filed a Complaint in the Douglas County, Nebraska, District Court, captioned *Randolph Michael Rabbe and Lisa Ann Rabbe v. Wells Fargo Home Mortgage, Inc. and Wells Fargo, N.A.*, Case No. CI 17-983. The action was removed to this Court on April 13, 2017, and assigned Case No. 8:17-cv-00131 (the "First Lawsuit"). In the First Lawsuit, Rabbe and her husband alleged that Wells Fargo breached the terms of the Loan by funding the Loan with tender that was allegedly "not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States" and by charging "an interest rate that was 20 times greater than what was authorized in the contract." *See* Case No. 8:17-cv-00131, ECF No. 1-1. Rabbe and her husband also alleged Wells Fargo committed fraud, violations of the Truth in Lending Act (TILA), violations of the Racketeer Influenced Corrupt Organizations Act (RICO), and usury under Neb. Rev. Stat. § 45-101.04. *Id.* Rabbe and her husband sought an injunction barring Wells Fargo from enforcing its rights under the Deed of Trust. *Id.*

On June 29, 2017, this Court granted Wells Fargo's motion for judgment on the pleadings and dismissed the First Lawsuit. The Court concluded that many of Rabbe's

2

claims failed as a matter of law because they were premised on a faulty "vapor money" claim–that banks do not lend "real" money, a claim that "has been uniformly rejected by every court to consider it."  Mem. and Order, Case No. 8:17-cv-00131, ECF No. 24 at 4. The Court reasoned that Rabbe failed to allege a factual basis for any of her breach-of-contract, fraud, or racketeering claims, and provided "no factual basis for those claims." *Id*. at 6.  The Court also held that her usury claim was precluded by state law and her TILA claim was time-barred. *Id*. at 4.  The Court concluded that Rabbe failed to state any viable claims and amendment of her pleadings would be futile. *Id*. at 10.

Rabbe appealed the First Lawsuit to the United States Court of Appeals for the Eighth Circuit.  That court summarily affirmed and held that "the denial of leave to amend was proper," and "the grant of judgment on the pleadings was correct for the reasons stated by the district court."  *Rabbe v. Wells Fargo Home Mortg., Inc.*, 720 F. App'x 819, 820 (8th Cir. 2018).  Rabbe sought a rehearing *en banc*, which was denied. She did not appeal to the United States Supreme Court, and the decision became final.

Rabbe filed this lawsuit on December 3, 2018, against Wells Fargo, Government National Mortgage Association, and Homeservices Lending, LLC.  She asserts several causes of action based on wrongful foreclosure, fraud, intentional infliction of emotional distress, declaratory relief, as well as violations of the Real Estate Settlement Procedures Act (RESPA).  Each of her claims is based on "Plaintiff's original loan transaction and subsequent securitization."  Comp., ECF No. 1 at 3.  She asserts that Defendants Government National Mortgage Association, and Homeservices Lending, LLC have failed to answer or otherwise respond to her Complaint and summons.

**DISCUSSION**

**I. Wells Fargo's Motion to Dismiss**

Wells Fargo argues that Rabbe's claims against it are barred by the doctrine of res judicata. Res judicata, or "claim preclusion," which bars "relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). The doctrine applies "when the party against whom the earlier decision is being asserted had a 'full and fair opportunity' to litigate the issue in question." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983). "Under Nebraska law,[1] claim preclusion[2] bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." *Hill v. AMMC, Inc.*, 915 N.W.2d 29, 33 (Neb. 2018). "The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action." *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018).

With respect to Wells Fargo, the elements of claim preclusion are met in this case. This Court's decision and the decision of the Eighth Circuit in the First Lawsuit were decisions rendered by courts of competent jurisdiction. The prior judgment was a final

---

[1] "The law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cty of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *St. Paul Fire and Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008)). Because Nebraska law governed the First Lawsuit, the Court applies Nebraska law to its res judicata analysis in this case.

[2] "In the past, [the Nebraska Supreme Court has] referred to claim preclusion and issue preclusion as res judicata and collateral estoppel. Courts and commentators have moved away from that terminology and now use the terms claim preclusion and issue preclusion." *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014).

4

judgment on the merits and was unsuccessfully appealed by Rabbe, thus satisfying the second and third elements. Finally, both the First Lawsuit and this case involve Wells Fargo and both cases arise out of the same nucleus of operative fact. The First Lawsuit was based on the Loan and Wells Fargo's foreclosure of the Property securing its repayment. In this case, Rabbe alleges that the Defendants' security interests in the Property have not been perfected, and they lack standing to foreclose. Thus, as it relates to Wells Fargo, both lawsuits are based on whether Wells Fargo properly secured repayment of Rabbe's Loan. Accordingly, Plaintiff's claims could have been litigated in the First Lawsuit and are barred in this action.

## II. Motion for Temporary Restraining Order

A federal court may issue a temporary restraining order (TRO) on an ex parte basis, without notice, only if two requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*), when determining whether to issue a preliminary injunction or temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d

970, 974 (D. Neb. 2008). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

The Court denied Rabbe's first Motion for TRO because she made no allegation and cited no evidence to support the proposition that the alleged harm was so imminent that she was clearly entitled to relief before the Defendants could be heard. Although at least one party has been notified of her Motion for TRO, she provides no evidence of her attempts to notify the other parties. Moreover, she fails to cite any legal authority demonstrating that she will likely be successful on the merits. Though her Complaint contains numerous allegations, many of the allegations are unclear as to each Defendant's wrongdoing, if any. The Court cannot determine from the Complaint whether Rabbe's claims against the remaining Defendants are legally cognizable. Accordingly, Rabbe has not shown that she is entitled to injunctive relief.

### III. Motion for Default Judgment

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (quoting Fed. R. Civ. P. 55) (citing 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2d ed. 1983)). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American*

*Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton–Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)).

In summary, a default judgment under Rule 55 is a two-step process. First, "the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend . . . ." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (quoting *Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001)). Second, after the clerk has entered a default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id.* (quoting *Hayek*, 198 F.R.D. at 520).

The Court will not rule on Rabbe's Motion for Default Judgment because the Clerk of Court has not entered a default against Government National Mortgage Association or Homeservices Lending, LLC. Therefore, the Court will construe the Plaintiff's Motion as a motion for clerk's entry of default. The Court will refer the Motion for Default Judgment to the Clerk of Court as a motion for entry of default. If the Clerk of Court enters a default, Rabbe may move for default judgment.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motions for Temporary Restraining Order, ECF Nos. 10, 23, are denied;

2. Plaintiff's Motion for Default Judgment, ECF No. 24, is construed as a motion for clerk's entry of default under Federal Rule of Civil Procedure 55(a) and is referred to the Clerk of Court;

3. Defendant Wells Fargo, N.A.'s (Wells Fargo) Motion to Dismiss for Failure to State a Claim, ECF No. 20, is granted; and

4. Plaintiff's claims against Wells Fargo are dismissed, with prejudice, and the Clerk of Court is directed to remove Wells Fargo from the case caption.

Dated this 15th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge