# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA A. RABBE,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT NATIONAL MORTAGE ASSOCIATION, and HOMESERVICES LENDING, LLC d/b/a CBS HOME MORTGAGE,<br><br>Defendants. | 8:18CV561<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Lisa Rabbe's Motion for Default Judgment, ECF No. 32. The Clerk of Court entered default against Defendants Homeservices Lending, LLC d/b/a CBS Home Mortgage ("Homeservices Lending") and Government National Mortgage Association ("Ginnie Mae"). The Motion for Default Judgment will be denied because Homeservices Lending and Ginnie Mae have not been properly served.

## BACKGROUND

On June 19, 2003, Rabbe obtained a home loan for $178,589 (the "Loan") which was transferred to Wells Fargo, N.A., as owner and holder. Compl., ECF No. 1 at 6-7. The Loan was evidenced by a Promissory Note (the "Note") and secured by a Deed of Trust (the "Deed of Trust") encumbering real property located at 3108-10 North 95th Street, Omaha, Nebraska 68134 (the "Property). *Id.* at 2, 7. Rabbe alleges that Homeservices Lending began foreclosure proceedings against her, and she filed this lawsuit on December 3, 2018, against Wells Fargo, N.A., Ginnie Mae, and Homeservices

Lending. Defendant Wells Fargo, N.A., was dismissed from this action. *See* Memorandum and Order, ECF No. 30.

Rabbe attempted to serve Ginnie Mae and Homeservices Lending by certified mail. *See* ECF No. 12, Summons for Ginnie Mae at 2; ECF No. 16, Summons for Homeservices Lending at 2. Rabbe included copies of her certified mail receipts showing that she served Homeservices Lending at 2700 Westown Parkway in West Des Moines, Iowa, and served Ginnie Mae at 415 Seventh Street in Washington, D.C. ECF No. 12 at 3, ECF No. 16 at 3. The "green card" receipts show that someone at the addresses signed for the letters, but do not indicate who signed or in what capacity.

**DISCUSSION**

"Default judgments are 'not favored by the law and should be a rare judicial act.'" *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir.1995)). "Put simply, there is a 'judicial preference for adjudication on the merits.'" *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir.1998). Entry of default judgment is only appropriate when there has been a clear record of delay or uncooperative conduct. *See United States on v. Harre*, 983 F.2d 128, 130 (8th Cir.1993); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir.1988). Default judgment is not appropriate in this case because it is not clear that Homeservices Lending and Ginnie Mae have been properly served.

**I. Ginnie Mae**

For federal government corporations like Ginnie Mae, Rule 4 allows service by certified mail in certain circumstances. Fed. R. Civ. P. 4(i). To properly serve a federal government corporation using certified mail, "a party must serve the United States and

2

also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To properly serve the United States, a plaintiff must first serve a copy of the summons and complaint on the United States Attorney for the district in which the action is brought or send a copy by registered or certified mail to the civil-process clerk at the United States Attorney's office. Fed. R Civ. P. 4(i)(1)(A). The plaintiff must also send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).

Rabbe attempted to serve Ginnie Mae by sending the summons and complaint by certified mail to Ginnie Mae's office in Washington, D.C. ECF No. 16 at 3. There is no evidence in the record that Rabbe attempted to serve the United States in the manner required by Rule 4(i). Because Rabbe has not properly served Ginnie Mae, the Court cannot grant default judgment.

## II. Homeservices Lending

Rabbe's attempted service on Homeservices Lending appears insufficient because (1) the certified mailing, containing the summons, was addressed to a location other than Homeservices Lending's registered office, and (2) the record does not show that the certified mailing was accepted by an officer, director, managing agent, or registered agent of Homeservices Lending.

Fed.R.Civ.P. 4(h) states:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons

3

and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e) states:

Unless otherwise provided by federal law, service upon an individual ... may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

Under Nebraska law, a plaintiff may elect to have service made by certified mail "which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached." Neb. Rev. Stat. § 25–505.01 (Reissue 2016). "A corporation may be served by personal, residence, or certified mail service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail service to the corporation's registered office." *Id.*

Under Iowa law, in certain circumstances service may be accomplished by registered or certified mail. *See* Iowa Code § 617.3. "In order to achieve effective service by registered or certified mail, the person being served must be present either at the time of delivery or in sufficient time to respond to a notice of attempted delivery. *L.F. Noll Inc. v. Eviglo*, 816 N.W.2d 391, 396 (Iowa 2012). Unless a corporation receives actual notice of an action, the plaintiff must attempt service at the address registered with the Iowa

Secretary of State. *See id.* (citing *Bentley v. Allen-Sherman-Hoff Pump Co.*, 203 N.W.2d 312, 314 (Iowa 1972).

Rabbe did not send the complaint and summons to Homeservices Lending's registered agent.[1]  Although Rabbe sent a certified letter to Homerservices Lending's business address, there is no indication that it was received in the manner required by federal rules or state statute.  Both Nebraska and Iowa law indicate that service by certified mail must be accomplished by service upon specific persons authorized to receive service.  *See* Neb. Rev. Stat. § 25–505.01; Iowa Code § 617.3.  Rabbe sent her certified letter, presumably containing the summons and complaint, to the business address with no other information.  There is no indication that the person who signed for the certified letter was "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h).  Given the preference for deciding a case on its merits, the Court will not grant Rabbe's motion for default judgment.  The court will grant Rabbe an opportunity to cure defective service.

Accordingly,

IT IS ORDERED:

1. Plaintiff Lisa Rabbe's Motion for Default Judgment, ECF No. 32, is denied;
2. The Clerk's Entry of Default, ECF No. 31, is vacated; and
3. Plaintiff shall have an extension of time until May 7, 2019, to properly serve the remaining Defendants.

---

[1] A search of the Iowa Secretary of State's website shows that Homeservices Lending's registered agent is CT Corporation System, 400 E. Court Ave., Des Moines, IA 50309.

Dated this 8th day of April 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge